Amy M. Samberg
Nevada Bar No. 10212
Justin S. Hepworth, Esq.
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: asamberg@swlaw.com
Email: jhepworth@swlaw.com
*Attorneys for Defendant*
*Colorado Casualty Insurance Company*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TINA L. COX,<br><br>          Plaintiff,<br><br>vs.<br><br>COLORADO CASUALTY INSURANCE COMPANY, DOES 1 through 10; DOE AGENCIES 1 through 10; and ROE CORPORATIONS 1 – 10, inclusive,<br><br>          Defendants. | Case No.   2:12-cv-01813-LRH-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to stipulation of the parties, and for good cause appearing:

IT IS HEREBY ORDERED to preserve and maintain the confidentiality of certain confidential, commercially sensitive and proprietary documents to be produced by Colorado Casualty Insurance Company ("CCIC") in this action, it is ordered that:

1.  Documents to be produced by CCIC in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," or other similar language in accordance with the provisions of this Order, shall only be used, shown or disclosed as provided in this Order.

2.  As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital,

17029589.1

etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains trade secret or other confidential information is on the party producing the document. Prior to designating any material as "Protected," the producing party must make a bona fide determination that the material is, in fact, a trade secret, confidential information or other commercially sensitive information, the dissemination of which would damage the party's competitive position. If a party disagrees with the "Protected" designation of any document, the party will so notify the producing party in writing. If the parties are unable to agree, within 30 days of receiving such notice, the producing party will then apply to this Court to set a hearing for the purpose of establishing that said document is protected. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Confidential: Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in a location that does not cover or mark over any textual material if possible.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the qualifications set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record in this action for the parties, and the parties;

    b. Employees of Counsel of Record involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of CCIC; and

- 2 -

17029589.1

d. The Court, the Court's staff, witnesses, and the jury in this case.

7. Plaintiffs' Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(b) and 6(c) above are "Qualified Persons."

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraph 6(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the Parties shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(c) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Upon any party's request and a good faith basis, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, Counsel of Record shall provide within three (3) business days, a copy of such lists, together with copies of the written agreements executed by persons described in subparagraph 6(c) above.

9. As the Protected Documents may only be distributed to "Qualified Persons," Counsel of Record, and all persons described in paragraph 6 above may not post Protected Documents on any website or internet accessible document repository.

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, or to the extent that deposition testimony is otherwise marked "Confidential," such documents, information and/or testimony shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents, information and/or testimony.

11. Prior to filing any documents with the Court that contain any portion of any Protected Document or information taken from any Protected Document, that party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5(b). A copy of the motion to seal must be served on all parties that have appeared in the case.

- 3 -

17029589.1

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential" information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

13. Inadvertent or unintentional production of documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality. If a party fails to designate a document as confidential within 30 days of receipt of the document, and at some point thereafter wishes to re-designate the document as confidential, the party may do so either by obtaining agreement from the opposing party, or by obtaining leave from the Court to allow the document to be re-designated as confidential. Once a party contacts the opposing party about a document that it wishes to re-designate as confidential, the opposing party is prohibited from further disseminating the subject document, and must take all reasonable steps to ensure that it is not further disseminated by any party who may have a copy of the subject document, until there is a determination regarding whether the document will be allowed to be re-designated as confidential. If a party so requests, the opposing party shall respond in writing describing what actions were taken as reasonable efforts.

A party shall be obligated to challenge the propriety of a designation of confidential information at the time made, and failure to do so shall preclude a subsequent challenge to such designation. In the event any party to this litigation disagrees with the designation by a party of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis in accordance with the applicable Federal Rules of Civil Procedure. This shall be accomplished within 30 days of the designation of the document as confidential. If the dispute cannot be resolved by the parties after undertaking reasonable good faith efforts, the parties seeking to remove the confidential designation of the information may apply for appropriate relief from the Court, which shall be permitted to conduct an in-camera inspection of the confidential materials. The party seeking to remove the confidential designation of the information shall

17029589.1

apply for relief from the Court no later than 14 days after concluding the informal dispute resolution with the party that designated the information as confidential. Such designation shall be construed under the Federal Rules of Civil Procedure governing protective orders, and the appropriate case law construing those provisions.

14. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained any party's Protected Documents and Confidential information.

18. At the conclusion of this suit, all original Protected Documents shall be returned to the party from which they came; all copies shall be securely destroyed. Counsel shall return all confidential material to counsel for the producing party, along with a signed certification from the attorney for the returning party that all copies of the confidential materials have been returned to the producing party. Counsel for the producing party only, shall be entitled to retain copies of materials designated confidential, for purposes of record keeping relative to the client's file and for purposes of record keeping for the returning party, if that party would ever be able to establish

17029589.1

1  a need to access the confidential materials at some point in the future. Such retained copy shall be
2  appropriately maintained confidential, and shall not subject to disclosure to any other persons
3  absent further order of the Court.
4  DATED this 1st day of May, 2013                    DATED this 2 day of May, 2013
5  SNELL & WILMER L.L.P.                              EGLET WALL CHRISTIANSEN

   _____#10080_____                     _____
   Amy M. Samberg, Esq.                               Tracy A. Eglet, Esq.
   Justin S. Hepworth, Esq.                           Bradley J. Myers, Esq.
   3883 Howard Hughes Pkwy., Suite 1100               City Centre Place, 6th Floor
   Las Vegas, NV 89169                                400 South 4th Street
   *Attorneys for Defendant*                          Las Vegas, Nevada 101
   *Colorado Casualty Insurance Company*              *Attorneys for Plaintiff Tina L. Cox*

**ORDER**

IT IS SO ORDERED.

DATED this  8th  day of  May , 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

- 6 -

17029589.1

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TINA L. COX,<br><br>    Plaintiff,<br><br>vs.<br><br>COLORADO CASUALTY INSURANCE COMPANY, DOES 1 through 10; DOE AGENCIES 1 through 10; and ROE CORPORATIONS 1 – 10, inclusive,<br><br>    Defendants. | Case No.  2:12-cv-01813-LRH-CWH<br><br>**STIPULATED PROTECTIVE ORDER** |

STATE OF _____ )
                                          ) ss:
COUNTY OF _____ )

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court, District of Nevada, in which the action of *Cox v. Colorado Casualty Insurance Company*, 2:12-cv-01813-LRH-CWH, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This \_\_\_\_\_ day of _____, 201\_\_\_.

_____
Signature

SUBSCRIBED AND SWORN to before me this \_\_\_ day of _____, 2013.

_____
NOTARY PUBLIC

- 7 -

17029589.1